UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**NO SUMMONS ISSUED**

-------------------------------------------------------------------- x

SHERRY G. LOUIS and CUTHBERT LOUIS,

                        Plaintiff,

              v.

METROPOLITAN TRANSIT AUTHORITY,
METROPOLITAN TRANSIT AUTHORITY POLICE
DEPARTMENT, THE CITY OF NEW YORK, THE
NEW YORK CITY POLICE DEPARTMENT and
JOHN DOES-Police Officers as yet unidentified,

                        Defendants.

-------------------------------------------------------------------- x

Civil No.

**CV 12 - 6270**

Notice of Removal

**GLEESON, J.**

Defendants Metropolitan Transportation Authority (incorrectly identified in the summons and complaint as "Metropolitan Transit Authority") and Metropolitan Transportation Police Department (incorrectly named in the summons and complaint as "Metropolitan Transit Authority Police Department")(together the MTA), by their attorney, respectfully state upon information and belief:

1.     On December 3, 2012, the MTA received the summons and complaint in this action, which is currently pending in the Supreme Court of the State of New York, County of Richmond. A copy is attached as Exhibit A. Before that, on March 27, 2012, the MTA received a notice of claim. A copy is attached as Exhibit B. This constitutes all process, pleadings, and orders served upon the MTA in this action.

2.     According to the complaint, on February 15, 2012, unidentified police officers—allegedly employed by the MTA or the City of New York, or both—falsely arrested plaintiff Sherry G. Louis at the St. George subway station on Staten Island. In

addition, the complaint alleges that the unidentified police officers assaulted and battered plaintiff; falsely arrested her; and falsely imprisoned her, and she asserts against all defendants a federal civil rights cause of action under 42 U.S.C. § 1983, and seeks damages, including punitive damages, and attorneys' fees.

3.     In addition to the cause of action under 42 U.S.C. § 1983, the complaint also apparently alleges several violations of New York State law by defendants including assault and battery; negligence; negligent hiring and retention; false arrest; false imprisonment; negligent and intentional infliction of emotional distress; and, malicious prosecution. The complaint also alleges a claim for loss of consortium on behalf of Ms. Louis's husband, plaintiff Cuthbert Louis.

4.     The MTA is removing this action pursuant to 28 U.S.C. § 1441 because Ms. Louis's expressly pleaded federal civil rights cause of action against all defendants under 42 U.S.C. § 1983 is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331. That the complaint joins with the federal civil rights cause of action several state-law causes of action does not preclude removal. 28 U.S.C. § 1441(c)(1). All of plaintiffs' state-law causes of action are so related to the federal civil rights cause of action that they form part of the same case or controversy. 28 U.S.C.§ 1367(a).

5.     Venue of this removal is proper under 28 U.S.C. 1441(a) to this Court because this is the judicial district embracing the County of Richmond, in which the action is pending in the Supreme Court of the State of New York.

6.     The other defendants who have been served—the City of New York and the New York City Police Department—consent to this removal. See Exhibit C.

7.    Pursuant to 28 U.S.C. § 1446(d), the MTA will promptly file written notice

of the filing of this Notice of Removal with the Clerk of the Supreme Court of the State of

New York, County of Richmond.

WHEREFORE, MTA respectfully requests that this action be removed to this

Court from the Supreme Court of the State of New York, County of Richmond, and place

it on this Court's docket for further proceedings.

Dated: New York, New York
       December 20, 2012

Respectfully submitted,

Peter Sistrom
Senior Associate Counsel
Metropolitan Transportation Authority
347 Madison Avenue, 9th Floor
New York, New York 10017


TO:    RUBENSTEIN & RYNECKI, ESQS.
       16 Court Street, Suite 1717
       Brooklyn, New York 11241

       *Attorneys for Plaintiffs*


       NEW YORK CITY LAW DEPARTMENT
       100 Church Street
       New York, New York 10007

       *Attorneys for Defendants City of New York and*
       *New York City Police Department*

3

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-----------------------------------------------------------X
SHERRY G. LOUIS and CUTHBERT LOUIS,

        Plaintiffs,

    -against-

METROPOLITAN TRANSIT AUTHORITY,
METROPOLITAN TRANSIT AUTHORITY POLICE
DEPARTMENT, THE CITY OF NEW YORK, THE
NEW YORK CITY POLICE DEPARTMENT and
JOHN DOES-Police Officers as yet unidentified,

        Defendants.
-----------------------------------------------------------X

Index #    103190/12
Date of filing:    11/28/12

Plaintiffs designate Richmond
County as the place of trial

Basis of the venue is Locus
of Occurrence

**SUMMONS**

Plaintiffs reside at
112 Boyd Street
Staten Island, New York 10304

County of Kings

**TO THE ABOVE NAMED DEFENDANT:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action
and to serve a copy of your answer, or, if the complaint is not served with this summons, to
serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of
this summons, exclusive of the day of service (or within 30 days after the service is complete
if this summons is not personally delivered to you within the State of New York); and in the
case of your failure to appear or answer, judgment will be taken against you by default for
the relief demanded herein.

**Defendant's address:**
THE CITY OF NEW YORK
100 Church Street
New York, New York 10007

THE NEW YORK CITY POLICE
DEPARTMENT
100 Church Street
New York, New York 10007

METROPOLITAN TRANSIT AUTHORITY
347 Madison Avenue
New York, New York 10017

METROPOLITAN TRANSIT AUTHORITY
POLICE DEPARTMENT
347 Madison Avenue
New York, New York 10017


Dated: Brooklyn, New York
      November 26, 2012

**Plaintiff's attorneys:**
RUBENSTEIN & RYNECKI, ESQS.
16 Court Street, Suite 1717
Brooklyn, New York 11241
(718)522-1020


ACCEPTED FOR MTA ONLY

General Counsel

Received

Date: 12/3/12   Time: 2:20 pm

Mail ☐   Personal ☑

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-----------------------------------------------------X
SHERRY G. LOUIS and CUTHBERT LOUIS,

             Plaintiffs,

      -against-

METROPOLITAN TRANSIT AUTHORITY,
METROPOLITAN TRANSIT AUTHORITY POLICE
DEPARTMENT, THE CITY OF NEW YORK, THE
NEW YORK CITY POLICE DEPARTMENT and
JOHN DOES-Police Officers as yet unidentified,

             Defendants.
-----------------------------------------------------X

Index No.: 103190/12

COMPLAINT

    Plaintiffs, by their attorneys, RUBENSTEIN & RYNECKI, ESQS., complaining of the defendants herein, upon information and belief, respectfully show to this Court, and allege as follows:

### AS AND FOR A FIRST CAUSE OF ACTION FOR ASSAULT AND BATTERY ON BEHALF OF SHERRY G. LOUIS

    1.    That at all times hereinafter mentioned, plaintiffs were and still are residents of the County of Richmond, City and State of New York.

    2.    That all times hereinafter mentioned, the defendant, METROPOLITAN TRANSIT AUTHORITY, was and still is a municipal corporation, duly organized and existing pursuant to the laws of the State of New York.

    3.    That all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, was and still is a municipal corporation, duly organized and existing pursuant to the laws of the State of New York.

    4.    That the defendant, METROPOLITAN TRANSIT AUTHORITY, maintains a police force known as the METROPOLITAN TRANSIT AUTHORITY POLICE DEPARTMENT.

    5.    That the defendant, THE CITY OF NEW YORK, maintains a police force known as the NEW YORK CITY POLICE DEPARTMENT.

6. That prior hereto on March 27, 2012, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with plaintiff's demands for adjustment or payment thereof, and that thereafter the CITY OF NEW YORK refused or neglected for more than (**30**) days and up to the commencement of this action to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

7. That prior hereto on March 27, 2012, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with plaintiff's demands for adjustment or payment thereof, and that thereafter the METROPOLITAN TRANSIT AUTHORITY, refused or neglected for more than (**30**) days and up to the commencement of this action to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

8. That on May 31, 2012, pursuant to the General Municipal Law, a Statutory 50-H hearing of the plaintiff was held.

9. That on February 15, 2012, and at all times hereinafter mentioned and upon information and belief, defendants, METROPOLITAN TRANSIT AUTHORITY, METROPOLITAN TRANSIT AUTHORITY POLICE DEPARTMENT, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, employed JOHN DOES-Police Officers as yet unidentified, as agents, servants and/or employees.

10. That on February 15, 2012, and at all times hereinafter mentioned and upon information and belief, as the plaintiff, SHERRY G. LOUIS, was lawfully at or about the premises known as the St. George Station, located at 1 Richmond Terrace, County of Richmond, City and State of New York, the plaintiff, SHERRY G. LOUIS, was assaulted and battered by defendants, including but not limited to JOHN DOES-Police Officers as yet unidentified, while acting as agents, servants and/or employees of the defendants, METROPOLITAN TRANSIT AUTHORITY, METROPOLITAN TRANSIT AUTHORITY POLICE DEPARTMENT, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

DEPARTMENT.

11.    That on February 15, 2012, and at all times hereinafter mentioned and upon information and belief, the aforementioned assault and battery was performed knowingly, intentionally and willfully.

12.    That on February 15, 2012, and at all times hereinafter mentioned and upon information and belief the defendants, JOHN DOES-Police Officers as yet unidentified, who committed the aforementioned assault and battery upon the plaintiff, SHERRY G. LOUIS, were acting within the scope of their employment with the defendants, METROPOLITAN TRANSIT AUTHORITY, METROPOLITAN TRANSIT AUTHORITY POLICE DEPARTMENT, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

13.    That on February 15, 2012, and at all times hereinafter mentioned and upon information and belief, the assault and battery on the plaintiff was without probable cause and was not the result of an appropriate arrest.

14.    By reason of said assault and battery the plaintiff was caused to suffer severe and serious injuries in and about diverse parts of the person, and suffered great pain, distress, mental shock, mental anguish and psychological trauma and was otherwise injured.

15.    By the reason of the foregoing, the plaintiff, SHERRY G. LOUIS, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

## AS AND FOR A SECOND CAUSE OF ACTION FOR NEGLIGENCE ON BEHALF OF SHERRY G. LOUIS

16.    The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "15" inclusive with the same force and effect as if more fully set forth at length herein.

17.    Defendants, METROPOLITAN TRANSIT AUTHORITY, METROPOLITAN TRANSIT AUTHORITY POLICE DEPARTMENT, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including but not limited JOHN DOES-Police Officers as yet unidentified, were negligent, reckless and careless in assaulting, battering and in violating the civil rights of the plaintiff, SHERRY G. LOUIS.

18.    As the result of said negligence, the plaintiff, SHERRY G. LOUIS, became sick, sore, lame and disabled, received severe and serious injuries in and about diverse parts of the person and suffered great physical pain, distress, mental shock, mental anguish and psychological trauma and was otherwise injured.

19.    By the reason of the foregoing, the plaintiff, SHERRY G. LOUIS, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

## AS AND FOR A THIRD CAUSE OF ACTION FOR NEGLIGENT HIRING AND RETENTION ON BEHALF OF SHERRY G. LOUIS

20.    The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "19" inclusive with the same force and effect as if more fully set forth at length herein.

21.    Defendants, METROPOLITAN TRANSIT AUTHORITY, METROPOLITAN TRANSIT AUTHORITY POLICE DEPARTMENT, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, did not exercise reasonable care and diligence in the selection, engagement, employment and training of their agents, servants, and employees and were negligent in the hiring, training and retention of the defendants JOHN DOES-Police Officers as yet unidentified, who assaulted, battered and violated the civil rights of the plaintiff, SHERRY G. LOUIS.

22.    That the defendants, METROPOLITAN TRANSIT AUTHORITY, METROPOLITAN TRANSIT AUTHORITY POLICE DEPARTMENT, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, had prior knowledge of the inappropriate, unlawful, and improper conduct of the defendants, JOHN DOES-Police Officers as yet unidentified, and continued to employ them and allowed them to be in contact with the public at large.

23.    By the reason of the foregoing, the plaintiff, SHERRY G. LOUIS, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR FALSE
## ARREST ON BEHALF OF SHERRY G. LOUIS

24.     The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "23" inclusive with the same force and effect as if more fully set forth at length herein.

25.     That on February 15, 2012, and at all times hereinafter mentioned and upon information and belief, the defendants, JOHN DOES-Police Officers as yet unidentified, were working within the scope of their employment and authority with defendants, METROPOLITAN TRANSIT AUTHORITY, METROPOLITAN TRANSIT AUTHORITY POLICE DEPARTMENT, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, when they arrested and confined the plaintiff, SHERRY G. LOUIS.

26.     That on February 15, 2012, and at all times hereinafter mentioned and upon information and belief, the arrest and confinement was without probable cause nor based on reasonable grounds and not founded upon an arrest warrant.

27.     That as a result of the aforesaid false arrest and confinement, plaintiff, SHERRY G. LOUIS, sustained serious permanent personal injuries along with humiliation, shame, indignity, damage to reputation and credit and suffered emotional and physical distress and injuries.

28.     By the reason of the foregoing, the plaintiff, SHERRY G. LOUIS, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR FALSE
## IMPRISONMENT ON BEHALF OF SHERRY G. LOUIS

29.     The plaintiff repeats and realleges each and every allegation set forth above numbered "1 through "28" inclusive with the same force and effect as if more fully set forth at length herein.

30.     That on February 15, 2012, and at all times hereinafter mentioned and upon information and belief, defendants, JOHN DOES-Police Officers as yet unidentified, were acting within the scope of their employment when they, without justification and without probable cause, imprisoned the plaintiff.

31.    That defendants, JOHN DOES-Police DOES-Police Officers as yet unidentified, while acting within the scope of their employment, intentionally confined the plaintiff against her will and said confinement was not privileged.

32.    By the reason of the foregoing, the plaintiff, SHERRY G. LOUIS, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS ON BEHALF OF SHERRY G. LOUIS

33.    The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "32" inclusive with the same force and effect as if more fully set forth at length herein.

34.    The defendants, METROPOLITAN TRANSIT AUTHORITY, METROPOLITAN TRANSIT AUTHORITY POLICE DEPARTMENT, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT including but not limited to JOHN DOES-Police Officers as yet unidentified, acted intentionally, recklessly and with utter disregard to the consequences of their actions and caused severe emotional distress to the plaintiff through their actions.

35.    Said actions exceeded all reasonable bounds of decency, were outrageous and shocking and resulted in severe emotional distress to the plaintiff, SHERRY G. LOUIS.

36.    That as a result of said intentional and negligent acts, the plaintiff, SHERRY G. LOUIS, become sick, sore, lame and disabled, received severe and serious injuries in and about diverse parts of her person and suffered great physical pain, distress, mental shock, mental anguish and psychological trauma and was otherwise injured.

37.    By reason of the foregoing, the plaintiff, SHERRY G. LOUIS, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

## AS AND FOR A SEVENTH CAUSE OF ACTION FOR MALICIOUS PROSECUTION ON BEHALF OF SHERRY G. LOUIS

38.    The plaintiff repeats and realleges each and every allegation set forth above

numbered "1" through "37" inclusive with the same force and effect as if more fully set forth at length herein.

39.    That on February 15, 2012, and at all times hereinafter mentioned and upon information and belief, defendants, JOHN DOES-Police DOES-Police Officers as yet unidentified, within the scope of their employment, without justification, without probable cause, created and submitted an erroneous police report in an effort to cover up the aforesaid and initiate a prosecution in bad faith.

40.    That on February 15, 2012, and at all times hereinafter mentioned and upon information and belief, defendants JOHN DOES-Police Officers as yet unidentified, were acting within the scope of their employment, maliciously prosecuted the plaintiff.

41.    That on February 15, 2012, and at all times hereinafter mentioned and upon information and belief, as a result of the aforesaid malicious prosecution, plaintiff sustained serious, permanent, personal injuries along with humiliation, shame, indignity, damage to reputation and credit, legal fees, loss of employment opportunities and suffered emotional and physical distress and injury.

42.    By reason of the foregoing, plaintiff, SHERRY G. LOUIS, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

## AS AND FOR AN EIGHTH CAUSE OF ACTION FOR CIVIL RIGHTS VIOLATION ON BEHALF OF SHERRY G. LOUIS

43.    The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "42" inclusive with the same force and effect as if more fully set forth at length herein.

44.    The defendants, METROPOLITAN TRANSIT AUTHORITY, METROPOLITAN TRANSIT AUTHORITY POLICE DEPARTMENT, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT including but not limited to JOHN DOES-Police Officers as yet unidentified, were acting under the color of law and within the scope of their authority, assaulted, battered, falsely arrested and falsely imprisoned the plaintiff, SHERRY G. LOUIS, in violation of 42 U.S.C.A. section 1983 as well as other applicable state and federal laws.

45.    The defendants, METROPOLITAN TRANSIT AUTHORITY, METROPOLITAN TRANSIT AUTHORITY POLICE DEPARTMENT, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT including but not limited to JOHN DOES-Police DOES-Police Officers as yet unidentified, acting under color of law and within the scope of their authority, deprived the plaintiff, SHERRY G. LOUIS, of liberty without due process and without reasonable cause in violation of 42 U.S.C.A. Section 1983 as well as other applicable state and federal laws.

46.    The defendants had deprived the plaintiff by their actions of her civil rights as guaranteed by statute.

47.    That the assault, battery, false arrest and false imprisonment was in violation of the civil rights of the plaintiff, more particularly, 42 U.S.C.A. Section 1983 as well as other applicable state and federal laws.

48.    That the deprivation by the defendants of plaintiff's civil rights was a result of said defendants, including but not limited JOHN DOES-Police Officers as yet unidentified, acting under color of law and within their authority as law enforcement officers within the employ of defendants, METROPOLITAN TRANSIT AUTHORITY, METROPOLITAN TRANSIT AUTHORITY POLICE DEPARTMENT, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT

49.    That the defendants' actions were not privileged or immune.

50.    That the defendants, METROPOLITAN TRANSIT AUTHORITY, METROPOLITAN TRANSIT AUTHORITY POLICE DEPARTMENT, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT including but not limited JOHN DOES-Police Officers as yet unidentified, were not acting with immunity when they deprived plaintiff of her civil rights.

51.    By the reason of the foregoing, the plaintiff, SHERRY G. LOUIS, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

## AS AND FOR A NINTH CAUSE OF ACTION FOR
## PUNITIVE DAMAGES ON BEHALF OF SHERRY G. LOUIS

52.    The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "51" inclusive with the same force and effect as if more fully set forth at length herein.

53.    The actions of the defendants herein-above alleged, were malicious, willful and grossly negligent.

54.    The defendants, METROPOLITAN TRANSIT AUTHORITY, METROPOLITAN TRANSIT AUTHORITY POLICE DEPARTMENT, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT authorized, permitted and ratified the unlawful and negligent acts of their agents, servants and/or employees, including but not limited JOHN DOES-Police Officers as yet unidentified, herein-above alleged.

55.    By the reason of the foregoing, the plaintiff, SHERRY G. LOUIS, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

## AS AND FOR A TENTH CAUSE OF ACTION
## ON BEHALF OF CUTHBERT LOUIS

56.    The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "55" inclusive with the same force and effect as if more fully set forth at length herein.

57.    That at all times hereinafter mentioned, plaintiff, CUTHBERT LOUIS, was the lawful spouse of the plaintiff, SHERRY G. LOUIS, and as such plaintiff, CUTHBERT LOUIS, was entitled to the society, services and consortium of his spouse plaintiff, SHERRY G. LOUIS.

58.    By reason of the aforementioned negligence of the defendant, the plaintiff, CUTHBERT LOUIS, was deprived of the society, services and consortium of his spouse, plaintiff, SHERRY G. LOUIS, and shall forever be deprived of said society, services and consortium.

59.    That by reason of the foregoing negligence on the part of the defendants, the plaintiff, CUTHBERT LOUIS, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

**WHEREFORE**, plaintiff, SHERRY G. LOUIS, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **First** Cause of Action; plaintiff, SHERRY G. LOUIS, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Second** Cause of Action; plaintiff, SHERRY G. LOUIS, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Third** Cause of Action; plaintiff, SHERRY G. LOUIS, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Fourth** Cause of Action; plaintiff, SHERRY G. LOUIS, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Fifth** Cause of Action; plaintiff, SHERRY G. LOUIS, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Sixth** Cause of Action; plaintiff, SHERRY G. LOUIS, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Seventh** Cause of Action; plaintiff, SHERRY G. LOUIS, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Eighth** Cause of Action; plaintiff, SHERRY G. LOUIS, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Ninth** Cause of Action; CUTHBERT LOUIS, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Tenth** Cause of Action;

together with attorneys' fees, and the costs and disbursements of this action.

DATED:  Brooklyn, New York
         November 26, 2012

Yours, etc.,

ROBERT MIJUCA, ESQ.
RUBENSTEIN & RYNECKI, ESQS.
Attorneys for Plaintiff
SHERRY G. LOUIS
16 Court Street Suite 1717
Brooklyn, New York 11241
(718) 522-1020
File No.: 12SL02-15

## ATTORNEY'S VERIFICATION BY AFFIRMATION

ROBERT MIJUCA, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at RUBENSTEIN & RYNECKI, ESQS., attorneys of record for the Plaintiff/Plaintiffs, I have read the annexed

### SUMMONS AND COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason I make the foregoing affirmation instead of the Plaintiff/Plaintiffs is because the Plaintiff/Plaintiffs is/are not presently in the County wherein the attorneys for the Plaintiff/Plaintiffs maintain their offices.

Dated: Brooklyn, New York
       November 26, 2012

ROBERT MIJUCA, ESQ.

# Exhibit B

**NOTICE OF CLAIM**

--------------------------------------------

In the Matter of the Claim of

SHERRY G. LOUIS and CUTHBERT LOUIS, her spouse,

against

METROPOLITAN TRANSIT AUTHORITY, METROPOLITAN TRANSIT AUTHORITY
POLICE DEPARTMENT, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER SANTOS, POLICE OFFICER MICHAELS, POLICE
OFFICER DUNNIGAN

--------------------------------------------

**TO: COMPTROLLER OF THE CITY OF NEW YORK**

PLEASE TAKE NOTICE that the undersigned claimants hereby make claim and demand
against the City of New York, as follows:

**1. The name and post-office address of each claimant and claimant's attorney is:**

RUBENSTEIN & RYNECKI, ESQS.          SHERRY G. LOUIS
16 Court Street, Ste. 1717           112 Boyd Street
Brooklyn, New York 11241             Staten Island, New York 10304

**2. The nature of the claim:** Assault, Battery, False Arrest, False Imprisonment, Malicious
Prosecution, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional
Distress, Outrageous Conduct giving rise to personal injuries, Prima facie tort, Violation of Civil
Rights in accordance with 42 USC 1983 in that the claimant SHERRY G. LOUIS was deprived of
her rights, privileges and immunities secured by the Constitution and laws of the United States of
America by one who, under color of a statute or regulation of a State, caused claimant SHERRY G.
LOUIS to be so deprived and other and further violations of the claimant's rights and privileges
secured to her under the Constitutions of the United States of America and the State of New York.
Loss of services, society, affection and consortium. Negligence in failing to use such care in the
performance of police duties as reasonably prudent and careful police would have used under
similar circumstances. Negligence of THE METROPOLITAN TRANSIT AUTHORITY and
METROPOLITAN TRANSIT AUTHORITY POLICE DEPARTMENT and/or THE CITY OF
NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT in hiring and retaining
persons who were unfit to serve as police officers; in that Respondents THE METROPOLITAN
TRANSIT AUTHORITY and METROPOLITAN TRANSIT AUTHORITY POLICE
DEPARTMENT and/or THE CITY OF NEW YORK and THE NEW YORK CITY POLICE
DEPARTMENT its agents, servants and/or employees, failed to exercise reasonable precautions in
employing said police officers by failing to properly investigate their background. Negligence of
THE METROPOLITAN TRANSIT AUTHORITY and METROPOLITAN TRANSIT
AUTHORITY POLICE DEPARTMENT and/or THE CITY OF NEW YORK and THE NEW
YORK CITY POLICE DEPARTMENT in the training and instruction of its police officers by not
exercising care in instructing them as to their deportment, behavior and conduct as police officers,
especially regarding the abuse of power while in the field; and as representatives of THE
METROPOLITAN TRANSIT AUTHORITY and METROPOLITAN TRANSIT AUTHORITY
POLICE DEPARTMENT and/or THE CITY OF NEW YORK and THE NEW YORK CITY
POLICE DEPARTMENT; in their training and instruction, more specifically with regard to their
training as to probable cause for arrests and use of force. Further, it may be claimed that respondent
and/or THE METROPOLITAN TRANSIT AUTHORITY and METROPOLITAN TRANSIT
AUTHORITY POLICE DEPARTMENT and/or THE CITY OF NEW YORK and THE NEW
YORK CITY POLICE DEPARTMENT has continued to improperly supervise officers in the field,
including the officers herein, which allowed claimant to be abused on February 15, 2012, as well as

the fact that respondents THE METROPOLITAN TRANSIT AUTHORITY and METROPOLITAN TRANSIT AUTHORITY POLICE DEPARTMENT and/or THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT failed to respond appropriately to past complaints of misconduct, and with respect to the Police, not only by their own Internal Affairs Bureau, but also the Civilian Complaint Review Board, Mollen Commission reports and other public reports.

**3. The time when, the place where and the manner in which the claim arose:** On or about February 15, 2012, a Wednesday, at approximately 12:50 PM at or about the premises known as the St. George Station located at 1 Richmond Terrace, County of Richmond, City and State of New York, Respondents POLICE OFFICER SANTOS, POLICE OFFICER MICHAELS, POLICE OFFICER DUNNIGAN, the male officers in uniform, who upon information and belief are employees of the Respondents THE METROPOLITAN TRANSIT AUTHORITY & THE METROPOLITAN TRANSIT AUTHORITY and/or THE CITY OF NEW YORK & THE NEW YORK CITY POLICE DEPARTMENT, and assigned to the Metropolitan Transit Authority Police Department and/or the 120th Police Precinct, did, while claimant was lawfully at said location performing her job as a train conductor, illegally and without a proper warrant or cause, did approach claimant, assault and batter claimant and harass said claimant both physically and mentally. Respondent Police Officers, did, for no apparent reason, illegally approach, harass, abuse, assault and batter said claimant and cause claimant to fear for her safety.  Respondent Police Officers did, without probable cause, abuse claimant both physically and mentally. Respondent Police Officers did assault claimant, in that claimant was grabbed by both arms and shoulders and was forcefully placed in handcuffs by the Respondent Police Officers.  Claimant did not resist arrest. Claimant was falsely placed under arrest and falsely imprisoned without proper warrant or cause. Claimant was taken in to police custody and taken to the 120th Precinct where she was held for a period of time until being issued a baseless summons for criminal charges for she must now defend herself.  Claimant was falsely arrested and imprisoned on baseless criminal charges for which she has to defend herself.  It is alleged that there is a current investigation into this incident by the Respondents' Internal Affairs Bureau. It is further alleged that the Respondent Officers engaged in a conspiracy to cover up their conduct.

**4. The items of damage or injuries claimed are (include dollar amounts):**  Claimant sustained, serious injuries the full extent of which are currently unknown, to the neck, left shoulder, right shoulder, left arm, right arm, left hand, right hand, back, left wrist, right wrist, and other physical injuries; all with resulting sequellae and other physical injuries, as well as mental anguish and other psychological injuries; fear, anxiety, shame, humiliation, indignity; damage to reputation and credit, loss of earnings capacity and capability, and all damages sustained as a result of the claims enumerated above, and that by reason of the aforesaid, claimant has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS. Claimant CUTHBERT LOUIS suffered the loss of services, society, affection, and consortium of his spouse all to his damage in the sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).   Claimant also requests attorneys' fees as mandated by law under 42 USC 1983 and other relevant law.

## TOTAL AMOUNT CLAIMED FIVE MILLION FIVE HUNDRED THOUSAND DOLLARS
### ($5,500,000.00) *plus attorneys' fees*

The undersigned claimant(s) therefore present(s) this claim for adjustment and payment. You are hereby notified that unless it is adjusted and paid within the time provided by law from the date of presentation to you, the claimant intends to commence an action on this claim.

Dated: March 21, 2012

SHERRY G. LOUIS

CUTHBERT LOUIS

RUBENSTEIN & RYNECKI, ESQS.
16 Court St., Ste. 1717
Brooklyn, New York 11241
(718) 522-1020

## INDIVIDUAL VERIFICATION

State of New York, County of Kings     ss.:

SHERRY G. LOUIS
being duly sworn, deposes and says that deponent is the claimant in the within action; that (s)he has read the foregoing Notice of Claim and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

SHERRY G. LOUIS

## INDIVIDUAL VERIFICATION

State of New York, County of Kings     ss.:

CUTHBERT LOUIS
being duly sworn, deposes and says that deponent is the claimant in the within action; that (s)he has read the foregoing Notice of Claim and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

CUTHBERT LOUIS

Sworn to before me this
21 day of March, 2012

Notary Public
SHARON S. KHAN
Notary Public, State of New York
No. 01KH6159683
Qualified in Kings County
Commission Expires January 22, 2015

-------------------------------------------------
In the Matter of the Claim of
SHERRY G. LOUIS and CUTHBERT LOUIS, her spouse,
against
METROPOLITAN TRANSIT AUTHORITY, METROPOLITAN TRANSIT AUTHORITY POLICE
DEPARTMENT, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, POLICE
OFFICER SANTOS, POLICE OFFICER MICHAELS, POLICE OFFICER DUNNIGAN
-------------------------------------------------
NOTICE OF CLAIM AGAINST THE CITY OF NEW YORK
-------------------------------------------------
RUBENSTEIN & RYNECKI, ESQS.
Attorneys for the Claimants
16 Court St., Ste. 1717
Brooklyn, New York 11241
(718) 522-1020

# Exhibit C



Metropolitan Transportation Authority

By email

December 19, 2012

Margaret King
Senior Appeal Specialist, Tort Division
New York City Law Department
100 Church Street
New York, New York 10007

       Re:    *Sherry G. Louis and Cuthbert Louis v. Metropolitan Transit Auth., et al.*, Index
              No. 103190/12 (Sup. Ct. Richmond Co.)

Dear Ms. King:

This will confirm that your office represents the City of New York and the New York City
Police Department in this action and that you have agreed on their behalf to allow the
Metropolitan Transportation Authority (MTA) to remove this case from the Supreme Court of
the State of New York, Richmond County, to the United States District Court for the Eastern
District of New York. (I recognize that the New York City Police Department is not a legally
separate entity capable of being sued but want to avoid filing problems.)

Please endorse the signature line below evidencing your agreement to remove this matter to
federal court. This will become an exhibit to the MTA's notice of removal.

Very truly yours,

Peter Sistrom
Senior Associate Counsel
Metropolitan Transportation Authority
(212) 878-7176

Margaret King
Margaret King