# RUBENSTEIN & RYNECKI

ATTORNEYS AT LAW
16 COURT STREET, SUITE 1717
BROOKLYN, NEW YORK 11241
Tel. (718)522-1020
Fax. (718)522-3804

SANFORD A. RUBENSTEIN
SCOTT E. RYNECKI*
ROBERT MIJUCA

---

KLIOPATRA VRONTOS*
RICHARD M. LEVY
BRIAN J. ZWAIG
JESSICA B. BLAKE
HARPER SMITH

* ADMITTED IN NY & NJ

April 20, 2015

***BY ECF***

The Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    *Louis et ano. v. Metropolitan Transportation Authority et al.*
               *Docket No. 1:12 CV 06270 (JG)(CLP)*

Your Honor:

      As Your Honor is aware, my office currently represents the plaintiffs in the above-referenced matter. I am writing to request that my law firm be permitted to be relieved as attorney of record for the plaintiffs in this action and for an order, pursuant to Local Civil Rule 1.4 and New York Judiciary Law § 475, for a charging lien and retaining lien.

      Rule 1.4 states that "An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties."

      On April 14, 2015, Richard Levy from my firm appeared at a status conference before Magistrate Cheryl L. Pollak with counsel for the defendants, Steve Efron, and Mrs. Sherry Louis was also in attendance. At that conference, the Mrs. Louis indicated that she no longer wanted our law firm to continue as plaintiffs' counsel and likewise our firm did not wish to continue to represent Mrs. Louis (It should be noted that Mrs. Louis' husband has a derivative cause of

action in this case). It became apparent prior to the April 14, 2015 conference that Mrs. Louis and our firm had different views of the merits of the case and the potential recovery. *See e.g. Winkfield v. Kirschenbaum & Phillips, P.C.,* No. 12 Civ. 7424, 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013) (granting a motion for withdrawal where there were irreconcilable differences between lawyer and plaintiff and where there existed "different views of the merits of the case and the potential recovery."). It is apparent that there has been a breakdown in the attorney-client relationship. The Court intended on relieving our firm on that date and indicated that it should be done in the form of this letter. At the conference the Court stated that discovery was stayed and Mrs. Louis was given until June 19, 2015 to obtain new counsel, additionally Mrs. Louis was given a date by the Court for the next conference to be held on June 25, 2015.

Our expenses and disbursements are as follows: Richmond County Clerk $210.00 for index number, United Lawyer's Service $16.50 filing service, Metro Process Service $130.00, Staten Island Physicians Group $15.00 for medical records, Staten Island Physicians Group, $5.25 for medical records, Worker's Compensation Board $115.00 for records, United Lawyer's Service $16.50 for filing service, Dr. Steven Breines $15.00 for medical records, Staten Island Rapid Transit $51.85 for records, Rubin, Abramson LLP $119.25 copy fee for worker's compensation records, Inter County Judicial Services LLC $143.00 for process service, Inter County Judicial Services LLC $200.00 for process service, Jaguar Reporting, Inc. $380.50 for court reporting services at defendant's deposition, Jaguar Reporting, Inc. $471.50 for court reporting services at defendant's deposition, Jaguar Reporting, Inc. $630.00 for court reporting services at defendant's deposition. The total amount of expenses and disbursements is $2,519.35. It should be noted that five distinct entities were served with this action and three defendants deposition were conducted. We are requesting both charging and retaining liens regarding this file, pursuant to New York Judiciary Law § 475.

We request that the Court grant our law firm a charging lien for the fair value of our services in an amount to be determined in the future if there is a recovery. Our services included, but were not limited to, interviewing the plaintiffs, drafting and filing the notice of claim, preparation for and attendance at the 50-H hearings of both Mrs. Louis and Mr. Louis, drafting and filing the complaint and amended complaints, reviewing documents, reviewing defendants' initial disclosures and subsequent disclosures that included hundreds of documents, preparing discovery responses, drafting plaintiff's discovery demands and disclosures, obtaining medical records, consulting with the plaintiffs, speaking with and exchanging correspondence with defense counsel, preparation for and attendance at the deposition of Mrs. Louis and Mr. Louis, preparation for and conducting the depositions of the three named defendant officers, and a nonparty subpoenaed witness, preparing for and attending several court conferences.

Finally, I request that the Court grant our firm a retaining lien on the file until such time as we are reimbursed for advancing the costs of litigation for the total amount of $2,519.35. *See Stair v. Calhoun,* 722 F. Supp. 2d 258, 276 (E.D.N.Y. 2010).

A copy of this letter is being forwarded to Mrs. Louis by Regular and Certified Mail. We will be happy to provide a copy of Mrs. Louis' file to any subsequent law firm that Mrs. Louis retains upon being paid our disbursements to date. Thank you for Your Honor's consideration.

Respectfully submitted,

Scott E. Rynecki

cc: Steve Efron, Esq.
Counsel for the Defendants (By ECF)

**_By Regular & Certified Mail_**

Mrs. Sherry Louis
112 Boyd Street
Staten Island, New York 10304