UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
SHERRY G. LOUIS and CUTHBERT LOUIS,

        Plaintiffs,

  -against-

METROPOLITAN TRANSPORTATION AUTHORITY
METROPOLITAN TRANSPORTATION AUTHORITY
POLICE DEPARTMENT, MTAPD SERGEANT TYRONE
SANTOS, MTAPD OFFICER SKY MICHAELS and
MTAPD OFFICER JAMES DINNIGAN,

        Defendants.
-------------------------------------------------------------------------X

Docket No.: 12-cv-06270
(AMD) (CLP)

**PLAINTIFFS' STATEMENT ON DAMAGES**

  **PLEASE TAKE NOTICE** that pursuant to the Court's Scheduling Order of August 14, 2017, and amended subsequently by a November 7, 2017 Court Order, Plaintiffs, SHERRY G. LOUIS and CUTHBERT LOUIS, by and through their attorneys, ELEFTERAKIS, ELEFTERAKIS & PANEK, hereby submits the following Statement on Damages:[1] [2]

a. **Past Pain and Suffering, Emotional Distress and Loss of Enjoyment of Life**:
  $5,000,000.00

see: Lewis v. City of New York, et al, JVR No. 508298 (April 2009)

(In which the Jury found in the favor of the Plaintiff in the amount of $4,600,000.00 in Pain and Suffering regarding injuries sustained when he fell backward over the edge of a roof on a nonparty building and landed on a public street while in the process of being pursued by the male codefendant, employed by the defendant, and supervised by the third-named Defendant, pertaining to a call made to authorities indicating alleged harassment.

Plaintiff contended Defendants "failed to properly train and supervise their police officers and were liable under the doctrine of *respondeat superior*." Plaintiff further contended that the "codefendant used excessive force that was unreasonable, willfully, and maliciously shoved him in the chest and pushed him backward, causing his fall, and attempted to cover up the facts regarding the incident." Negligence was ultimately attributed to the Defendant alone.)

---

[1] *See* Scheduling Order – ECF, 12-cv-06270 (AMD) (CLP) (E.D.N.Y. August 14, 2017)
[2] *See* Order on Motion for Extension of Time to File – ECF, 12-cv-06270 (AMD) (CLP) (E.D.N.Y. November 7, 2017)

b. **<u>Future Pain and Suffering, Emotional Distress and Loss of Enjoyment of Life</u>**:
$8,000,000.00

see: <u>Greenaway v. County of Nassau</u>, *et al.*, 2017 WL 3075058, JVR 1707180026 (May 22, 2017)

(In which the jury found in favor of Plaintiffs, awarding them a total of $8,320,000, as against The County of Nassau, Village of Hempstead, and officers both individually and in their official capacities, on various grounds including claims under 42 U.S.C.A. Sec. 1983 for false imprisonment, excessive force, assault, battery, trespass in violation of the Fourth Amendment and for municipal liability as well as state law claims of gross negligence, vicarious liability/*respondeat superior*, false arrest and false imprisonment, assault and battery, intentional infliction of emotional distress and trespass.)

c. **<u>Past Medical Expenses</u>**:
To be provided upon receipt of updated billing statements from all medical providers.

d. **<u>Past Lost Wages</u>**:
$277,451.00
See: Plaintiffs' Economist Report and Life Care Plan (Annexed Hereto as Exhibits 1 & 2).

e. **<u>Future Medical Expenses</u>**:
$1,515,474.00
See: Plaintiffs' Economist Report and Life Care Plan (Annexed Hereto as Exhibits 1 & 2).

f. **<u>Future Lost Wages</u>**:
$638,931.00
See: Plaintiffs' Economist Report and Life Care Plan (Annexed Hereto as Exhibits 1 & 2).

g. **<u>Punitive Damages</u>**:
$20,000,000.00

see: <u>Tretola v. County of Nassau</u>, 2012 WL 9187165 (EDNY – April 15, 2012)

(In which the jury found in favor of Plaintiff in the amount of $3,000,000.00 for compensatory damages and $2,000.000.00 for punitive damages on "allegations of false arrest, malicious prosecution, and official misconduct in violation of 42 U.S.C.A. Sec. 1983 against Defendant Faltings, failure to supervise in violation of 42 U.S.C.A. Sec. 1983 against both Faltings and Nassau County" and a "Monell claim" against Nassau County. Plaintiff further asserted false arrest and malicious prosecution claims against both Defendants. The jury verdict in Plaintiff's favor found both federal civil rights and state law claims of false arrest and malicious prosecution had been established as against Faltings, and the state law claims of false arrest and malicious prosecution had been established against Nassau County.)

Respectfully submitted,

Dated: New York, New York
       November 10, 2017

                              ELEFTERAKIS, ELEFTERAKIS & PANEK

                              JORDAN A. JODRÉ, ESQ. (JJ0028)
                              *Attorneys for Plaintiffs*
                              80 Pine Street, 38th Floor
                              New York, New York 10005
                              Email: jordan@eeplaw.com
                              T: (212) 532-1116
                              F: (212) 532-1176